UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY JOHNSON and
GAIL JOHNSON,

        Plaintiffs,

v.                                                          Case No. 07-12872
                                                           Honorable Julian Abele Cook, Jr.

SHARON LADUKE, et al.,

        Defendants.

ORDER

In a complaint that was filed with the Court on July 7, 2007, the Plaintiffs, Leroy Johnson and Gail Johnson, have accused the Defendants[1] of (1) violating their fundamental rights under the Due Process Clause of the Fifth Amendment, (2) wrongfully depriving them of their protective rights under the Equal Protection Clause of the Fourteenth Amendment, (3) participating in a fraudulent conveyance, (4) tortuously interfering with their business relationships, (5) engaging in an abuse of process, and (6) causing each of them to sustain damages as the result of an intentional infliction of emotional distress. All of these allegations (1) stem from a divorce proceeding between the Defendant, Verladia Reed ("Reed"), and her former husband, Gregory Reed, and (2) arise from a dispute over the ownership of a parcel of land in Springfield, Michigan ("Springfield Property").

---

[1] The Defendants in this case are Sharon LaDuke, Attorney Agents John Does #1-10, and Verladia T. Reed.

1

On August 11, 2008, Reed filed a motion to dismiss, in which she (1) contended that the Plaintiffs had failed to state a claim pursuant to Fed. R. Civ. P. 12(c),[2] (2) advanced the doctrine of res judicata, and (3) asserted the applicability of an affirmative defense; namely, collateral estoppel.  Eight days later, on August 19th, the Court entered an order which required the two Plaintiffs to proffer their reasons on or before August 29, 2008 why this case should not be dismissed as to the Defendants Sharon LaDuke and John Doe (1-10 Attorney Agents) for failure to prosecute the case in accordance with E.D. Mich. LR 41.2.[3]

Believing that she is being harassed by a pattern of vexatious and frivolous lawsuits, the Reed filed another motion on November 24, 2008,[4] seeking to obtain the imposition of sanctions against the Plaintiffs pursuant to Fed. R. Civ. P. 11.[5]  Neither of the Plaintiffs have filed a response

---

[2]Fed. R. Civ. P. 12(c) states: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."

[3]E.D. Mich. LR 41.2 provides: "A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution where no service of process has been made within 120 days after filing the complaint."

[4]Reed filed a certificate of service for her proposed motion for sanctions on November 3, 2008, ostensibly to satisfy the "safe harbor" provision of Fed. R. Civ. P. 11(c), which requires that "[t]he motion must be served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."

[5]Fed. R. Civ. P. 11 states, in relevant part:
(b) By presenting to the court a pleading, written motion, or other paper —
whether by signing, filing, submitting, or later advocating it — an attorney or
unrepresented party certifies that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable under the
circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation;
. . .
(c) If, after notice and a reasonable opportunity to respond, the court determines

to Reed's motion as of this date.

On December 11, 2008, the Court issued an order which detailed the "extensive amount of litigation [that] has already taken place in federal, bankruptcy and state courts with regard to the Springfield Property," and, in addition, directed the Plaintiffs to submit their reasons, if any, within a period of 10 days thereafter as to why (1) this case should not be dismissed pursuant to the *Rooker-Feldman* doctrine and (2) the Court should not impose sanctions on their counsel for harassing the Defendants with repetitive filings and wasting the limited resources of the Court. Although more than 10 days have elapsed since the entry of the order to show cause on December 11th, the Plaintiffs have failed to respond or undertaken an action that would ostensibly challenge the accuracy of Reed's assertions. By virtue of their silence, the Plaintiffs and their counsel have implicitly acknowledged the validity of the statements within the December 11th directive.

Accordingly, the Court will (1) grant Reed's request for the imposition of sanctions against the Plaintiffs, (2) dismiss this case with prejudice, and (3) impose sanctions upon the Plaintiffs' counsel in the amount of $3,000 which shall be paid within a period of ten (10) days of this order. Within a period of ten (10) days hereafter, Reed is directed to provide the Court with a written detailed basis upon which she seeks to obtain sanctions in the sum of $8800 against the Plaintiffs. However, if she fails or neglects to do so within the designated period of time and in the absence of any modification of this directive by the Court, the order relating to the imposition of sanctions shall become void ab initio.

---

that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

IT IS SO ORDERED.

Dated: February 4, 2009          s/Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                        United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 4, 2009.

                                                    s/ Kay Alford
                                                    Case Manager